# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 722
### WHEELER v. BITTNER
Ohio Appeals, 7th Dist., Mahoning County
Decided March 28, 1924

1029. RESCISSION—1. Remedy for defective title action for breach of covenant, and not descission.

2. Where vendor tenders perfect title, vendee not entitled to rescission unless vendee has suffered great loss.

3. Resc'ssion will not be granted where it will result in great injury to vendor.

4. Vendee not entitled to rescission as a matter of right.

ROBERTS, J.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to rescind a contract. Mary Wheeler and her husband owned a house and lot in Youngstown. The Bittners owned a farm of 50 acres near Youngstown. The Wheelers entered into a deal with the Bittners to buy this farm. The farm in the agreement was, with the personal property thereon and a considerable amount of stock and farming tools, valued at $17,000. The house of the Wheelers was valued at $8,000, upon which there was a mortgage of $2,000. There was a $1,750 mortgage on the farm. Under the terms of the agreement, each party was to assume the mortgage of the other, and the Wheelers were to give the Bittners a note and mortgage for the difference between the two properties, which was $9,250. After the Wheelers had occupied the farm for about a year they vacated it upon discovering that they did not have a clear title to it.

It appeared that title to the Bittner property had been taken in the name of Bittner's sister, who lived in Massachusetts. Being desirous of selling the same, the Bittners received a written memorandum from the sister and they signed the deed

The evidence disclosed that the Bittners thought they had sufficient authority to make this conveyance. In the meanwhile the Bittners had expended a considerable sum in making improvements on the city property. Later the Wheelers brought an action to rescind the contract and a deeding back of their city property, after they had refused to accept another deed from Bittner's sister in Massachusetts. An appeal was prosecuted from the Common Pleas. In refusing the relief prayed for, the Court of Appeals held:

1. When a contract for an exchange of land or real estate is fully executed by a convey-

ance with a covenant of warranty, and the payment of the purchase price, either by other real estate or money, the remedy for a defective title is an action on the covenant.

2. If, on the hearing, the vendor makes and tenders a perfect title no rescission will be decreed unless the vendee has suffered great loss or injury by the delay, and not then if such loss or delay can be fairly compensated by damages. As a good title was tendered to the Wheelers at the trial, they cannot complain of the defective title.

3. To rescind the contract would result in a great injury to the Bittners for the reason they have made substantial improvements, and for the reason the parties could not be placed in their relative former positions.

4. A party is not entitled to a rescission of a contract or a reconveyance when a defect in the title is discovered as a matter of right, but the rights of the parties under such a situation are reposed in the good judgment and sound discretion of the court as to what is just and equitable under the circumstances.

Attorneys—Vaughan & Rummell and Harrington, DeFord, Huxley & Smith, for Wheeler; Wilson, Hahn, Henderson & Wilson, for Bittner et al; all of Youngstown.